STEPHEN WYLIE, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION, Respondent (Iowa-Illinois Gas and Electric Company, Respondent-Appellee).

Third District   No. 3—88—0162

Opinion filed May 24, 1989.

David W. Adelman and Linda S. Kagan, both of Chicago, for appellant.

Calif, Harper, Fox, Dailey & Slover, of Moline (Dennis R. Fox, of counsel), for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The petitioner appeals an order and decision of the Human Rights Commission. The petitioner charged respondents with employment discrimination. An administrative law judge ruled that no discrimination occurred. The Human Rights Commission affirmed and this appeal follows.

During November 1982, the petitioner, Wylie, applied for a position as equipment operator with the respondent, Iowa-Illinois Gas and Electric Company (Iowa-Illinois). Wylie passed the preliminary written exam. The job requirements entailed being located in a control room monitoring gauges and starting and stopping generating equipment. Wylie was never informed that any heavy lifting was required. He was to receive this position if he could pass the mandatory physical exam. The physical exam revealed that Wylie was afflicted with spondylolysis and scoliosis, conditions of the back. The examining physician placed a 40-pound weight restriction on Wylie and so informed Iowa-Illinois. Wylie denied that he was bothered or inconvenienced by this condition. Thereafter, Iowa-Illinois informed Wylie that they did not hire people with his medical condition. There were no other positions at Iowa-Illinois available for Wylie due to his preexisting condition.

Iowa-Illinois abided by their doctor's diagnosis and opinion as opposed to other doctors' diagnoses and opinions. Wylie obtained additional medical opinions at his own expense. One doctor imposed similar weight-lifting restrictions. Another doctor suggested a weight-lifting restriction with more reasonable limitations. In any event, the additional restrictions were such as to prevent Wylie from obtaining this position with Iowa-Illinois.

Wylie admitted he had prior problems, injuries, and absences due to his back conditions. He also stated that he worked successfully with-

out interruption as an assembler with John Deere in 1980 and 1981. He also worked without difficulty in construction and maintenance for Seneca Corporation in 1981 and 1982. He routinely worked with 300-pound power tools and lifted 70-pound pipes. Both Wylie and his supervisors stated that Wylie had no problems in performing his required duties, which included heavy lifting.

Dr. Greene, a physician with John Deere, testified. While Wylie worked at Deere, he reported some back pain in 1978. At that time, it was discovered that Wylie had scoliosis and spondylolysis. When those particular symptoms cleared, Wylie returned to his normal duties without any restrictions. Dr. Greene was aware that Wylie's duties included bending, twisting, pulling, and pushing heavy weights. Dr. Greene stated that Wylie missed two months of work in 1980.

Dr. Russo testified on behalf of Wylie. Dr. Russo treated Wylie in 1978 for his back problems. Following treatment, he did not place any restrictions on Wylie. Dr. Russo's opinion was that Wylie could perform any physical task provided that he limited his lifting to under 80 pounds.

Dr. Lee, an orthopedic surgeon, stated that if Wylie limited his lifting to from 50 to 70 pounds, he should not have any further back problems. Dr. Lee also stated that by following his recommended restriction, no further problems should develop even though Wylie would be on his feet for eight hours a day.

The retired director of employee relations from Iowa-Illinois, Robert Carton, described the duties for the position Wylie sought. Handling wrenches, pumps, and equipment that weighed in excess of 85 pounds were among the tasks that Wylie would be expected to perform. Sometimes hoists and other lifting devices are utilized in lifting; however, there are times when they are not accessible to a tight or inconvenient location. Carton stated that Wylie was not hired by Iowa-Illinois in reliance on the company doctor's diagnosis, report, and opinion. Wylie's lifting restriction was viewed as an obstacle to his ability to perform the full function of his job. Carton denied that Iowa-Illinois was afraid that if they hired Wylie, he could be injured.

Dr. Fesenmeyer, Iowa-Illinois' physician, testified. He stated that his diagnosis revealed that Wylie was afflicted with spondylolysis and scoliosis. Due to Wylie's condition, Dr. Fesenmeyer expressed the belief that Wylie was not lifting heavy objects. Dr. Fesenmeyer did not realize that Wylie was lifting heavy objects and working physical construction without any problems, injuries, or difficulties prior to applying for the position with Iowa-Illinois.

Gordon Fordyce, operations supervisor of the Iowa-Illinois power

plants, recommended hiring Wylie because the main part of the position for which he applied was not lifting. Rather, it involved monitoring gauges and starting and stopping generators. Wylie's lifting tasks would be with the aid of motors, hoists, and other lifting equipment. Fordyce admitted that Wylie was not hired by Iowa-Illinois because they feared he was prone to injury. The superintendent of the Quad-Cities production divisions indicated that the position for which Wylie applied did not require that much exertion or physical stress. He stated, however, that a person with a weight restriction of 50 pounds could not adequately perform the job which Wylie sought.

Finally, Wylie physically demonstrated that he could lift heavy objects. He carried several items, one weighing in excess of 100 pounds, from his car to the courtroom. After the demonstration, he returned the items to his vehicle without any difficulty.

An administrative law judge ruled there was no discrimination by Iowa-Illinois. An administrative appeal was affirmed by the Human Rights Commission. We affirm.

■ The standard of judicial review in reviewing this appeal is very limited due to the nature of this type of action. "In any proceeding brought for judicial review, the Commission's findings of fact shall be sustained unless the court determines that such findings are contrary to the manifest weight of the evidence." (Ill. Rev. Stat. 1987, ch. 68, par. 8—111(A)(2).) The findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. Ill. Rev. Stat. 1987, ch. 110, par. 3—110.

■ After reviewing the record and the administrative judge's order, we find the decision reached by the judge and the affirmance by the Commission are not against the manifest weight of the evidence. One's physical attributes in a labor-related position are as critical and valuable as one's mental abilities in a professional job.

There was no question that Wylie had a propensity for injury due to a diagnosed weakness in his back. We cannot state from an appellate perspective that the Commission's decision was "clearly wrong." (*Wanless v. Rothballer* (1985), 136 Ill. App. 3d 321, 483 N.E.2d 899.) There was sufficient evidence in the record to support the administrative judge's order and the Commission's decision affirming same.

Based on the foregoing, the decision of the Human Rights Commission is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.